### SELDON MCCAY V. THE STATE.

No. 11095.        Delivered November 2, 1927.

1.—Child Desertion—Evidence—Held Insufficient.

Where appellant's wife had brought suit against him for a divorce, which was later granted, and pending said suit the custody of two minor children was awarded to his wife, on his trial charged with deserting and failing to support said children, they being in necessitous circumstances, the evidence disclosing that they were at the time well provided for at the home of the wife's father, and that appellant also contributed to their support, this evidence is insufficient to support the judgment.

2.—Same—Continued.

We do not understand that this law was intended to be used to punish those who, apparently, to the best of their ability, do the best they can to meet their obligations to their wife and children, and the judgment is reversed and the cause remanded.

Appeal from the County Court of Comanche County. Tried below before the Hon. R. A. Luker, Judge.

The opinion states the case.

*A. B. Haworth* of Comanche, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for child desertion, punishment a fine of $200.

Appellant was convicted for willfully deserting his three children, and for his refusal, without justification, to support and provide for their maintenance, it being alleged that said children were under the age of sixteen years and in destitute and necessitous circumstances. For reasons not appearing in the record appellant and his wife separated. A petition for divorce was filed, during the pendency of which appellant had the custody of one child, a boy, and his wife that of the other two children, they being girls. Apparently there was an effort made by each party to the divorce to secure the custody of the children. Upon the hearing and granting of said divorce the children were awarded to their mother. She went to live with her father when the separation first took place, was living with him at the time of the divorce and at the time of this trial. It appears in the record without dispute that her father owned 350 acres of land and was a stockholder in a bank, and as far as the record discloses not only amply able but desirous of having his daughter and her children in his home. The record discloses that he testified upon the divorce hearing, evidently in an effort to aid his daughter in securing the custody of the children, that the children might stay at his home and he would take care of them. He testified, as did his daughter, the wife of the appellant, and two of the children of appellant, that said children had been well fed, clothed and cared for during all of the time. It is also apparent from the record that appellant had contributed to the support of said children since the granting of the divorce, and that he had made efforts through various people and on different occasions to further contribute to their support, which offers on his part had been rejected by his wife and her father. Appellant lived with his father and mother, and the record shows that since the granting of the divorce in 1926 his income and means of support had been comparatively small.

We are of opinion that the facts in this record fail to sustain the contention that appellant willfully and without justification neglected or refused to support his minor children, they being in destitute and necessitous circumstances—and that for such failure this judgment must be reversed. We do not regard it

as being intended that this law should ever be used to punish those who apparently do the best they can to meet their obligations to their wives and children. Appellant wanted his children, and took care of one of them pending the decision in the divorce case. When they were awarded his wife, he seems to have continued his attentions to them and tried to meet the burden imposed upon each parent to do his or her part in taking care of their offspring. No request had ever been made of him by his wife or her father, or any of the three children, for any contribution or support which he had refused. The contrary to this appears affirmatively in the record. His efforts to aid in taking care of the children were met with refusal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*